# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ANGELL, MILES AVERY, MOLLY BATCHELDER, SRI LOUISE AKA LOUISE COLES, CICILY COOPER, SHAREEF ELFIKI, THEODORE HEXTOR, and LINDSAY WEBER, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br>vs.<br><br>CITY OF OAKLAND, COUNTY OF ALAMEDA, HOWARD JORDAN, JEFFREY ISRAEL, ERIC BRESHEARS, RON YELDER, DARREN ALLISON, STEVE TULL, EDWARD TRACEY, ANTHONY RACHAL, SEAN WHENT, GREGORY J. AHERN, BRETT KETELES, CARLA KENNEDY, DAVID BRADY, GREGORY L. MORGADO, KERRY JACKSON, DOES 1-250,<br><br>☐   Defendants. | Case No. C13-0190 NC<br><br>FINAL ORDER AND JUDGMENT |

## 1. INTRODUCTION

All Parties have stipulated to settlement in the above entitled case.  The Settlement Agreement was signed October 8, 2014 and filed with the court, and then subsequently amended.  All parties have executed the amended settlement, which was filed with the Court on December 3, 2014.  The Court granted preliminary approval, the Class was notified of the settlement as provided in the Court's preliminary approval order, and a Fairness Hearing was held where the opportunity for objections was allowed.  The Class Members had previously

been provided notice of the litigation and an opportunity to exclude themselves from the Class. (See Docket Nos. 62, 63, 66, 68, 69, 70, 72, 73, & 74.) Pursuant to Federal Rules of Civil Procedure 23(e), and in accordance with the Settlement Agreement, the Court finds the settlement, the stipulated attorney's fees and costs, and the incentive award to the named plaintiffs, to be fair, reasonable and adequate. Accordingly, pursuant to the stipulation of the Parties, and good cause appearing,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. This Final Order and Judgment incorporates by reference in the Settlement Agreement, which is attached hereto as Exhibit A and Incorporated by reference herein, and all capitalized terms used herein that also appear in the Settlement Agreement have the meanings set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1343(a)(3), (4). The court has personal jurisdiction over the Class Representatives, Defendants and the Class.

3. The Class Notice of the proposed settlement (in the printer ready form attached as Attachments # 2 to Document 70 and incorporated by reference herein) constituted the best notice practicable under the circumstances and was reasonably calculated to apprise the Class Members of the Settlement and the release of rights contained in the Settlement Agreement (Exhibit A hereto.) Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, the Court hereby finds that the Notice Provided members of the Class due and adequate notice of the Settlement, these proceedings and the rights of the Class Members to object to the Settlement.

4. Pursuant to Rule 23, this Court hereby approves the Settlement as set forth in the Settlement Agreement, and finds that the Settlement is in all respects fair, reasonable and adequate to the Class Members.  Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement (Exhibit A),  the terms of which are incorporated by reference into this Final Order and Judgment.

5. Within Fifteen (15) days of the date of this Order, the Defendants shall pay the sum of $1,360,000, to Class Counsel for distribution to the Approved Claimants, Class Representatives, and Class Counsel, as provided in the Settlement Agreement.

6. The Court finds that the payments to the Class Representatives provided in the Settlement Agreement are not unduly preferential, and the amounts are justified based on the burdens and responsibilities carried by the Class Representatives in commencing and prosecuting the Litigation, including the notoriety attendant on pursuit of the Litigation and the amount of time and effort involved, including communicating with class members regarding the Settlement Agreement and responding to direct queries and questions from class members.

7. The Court approves the payment to Class Counsel for attorneys fees and costs as provided in the Settlement Agreement, and finds that the stipulated attorneys fees and costs payment was the product of arms-length and good faith negotiations supervised by Magistrate Judge Beeler, takes into consideration the level of experience, legal expertise, efficiency of Class Counsel and all other relevant factors.

8. Pursuant to the Settlement Agreement, the Court will issue a separate order in the names of the Approved Claimants, stating that it is the determination of the Court, pursuant to

stipulation of the Oakland defendants, that the Approved Claimants are factually innocent of all charges for which they were arrested and that they are hereby exonerated; and providing that the Oakland Police Department and the Alameda County Sheriff's Office shall seal and destroy all arrest records, police reports, investigative reports, booking information, on line data, or any other documentation or information in possession pertaining to said arrests.  [Exhibit A, §C (1)(a) thru §C (1)(d), page 7.]  And the DNA samples taken from those charged with felonies shall be withdrawn and the samples destroyed.  [Exhibit A, §C(1)(e-f), p. 8]

   IT IS SO ORDERED

Dated:  April 7, 2015



_____
HON. NATHANAEL M. COUSINS
UNITED STATES MAGISTRATE COURT
(GRANTED — Judge Nathanael M. Cousins)

Angell, *et al*. v. City of Oakland, *et al*.
[~~Proposed~~] Final Order