YOLANDA HUANG, SBN 104543
P.O. Box 5475
Berkeley, CA 94705
Tel: (510) 329-2140/ Fax: (510) 580-9410

DAN SIEGEL SBN 56400
ANNE WEILLS SBN 139845
SIEGEL & YEE
499 14th Street, Suite 300
Oakland, CA 94612
Tel: (510) 839-1200/ Fax: (510) 444-6698

Attorneys for Plaintiffs
STEVEN ANGELL, *et al.* and on
behalf of the proposed class

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ANGELL, MILES AVERY, MOLLY BATCHELDER, SRI LOUISE also known as Louise Coles, CICILY COOPER, SHAREEF ELFIKI, THEODORE HEXTOR, LINDSAY WEBER, individually and on behalf of others similarly situated, <br><br>  Plaintiffs, <br> vs. <br><br> CITY OF OAKLAND, COUNTY OF ALAMEDA, HOWARD JORDAN, JEFFREY ISRAEL, ERIC BRESHEARS, RON YELDER, DARREN ALLISON, STEVE TULL, EDWARD TRACEY, ANTHONY RACHAL, SEAN WHENT, GREGORY J. AHERN, BRETT KETELES, CARLA KENNEDY, DAVID BRADY, GREGORY L. MORGADO, KERRY JACKSON, DOES 1-250, <br><br> Defendants. | Case No. C13-0190 NC <br><br> SETTLEMENT AGREEMENT |

SETTLEMENT AGREEMENT

Plaintiffs STEVEN ANGELL, MILES AVERY, MOLLY BATCHELDER, SRI LOUISE AKA LOUISE COLES, CICILY COOPER, SHAREEF ELFIKI, THEODORE HEXTOR, LINDSAY WEBER, on behalf of themselves and the class;  Defendants CITY OF OAKLAND, HOWARD JORDAN, JEFFREY ISRAEL, ERIC BRESHEARS, RON YELDER, DARREN ALLISON, STEVE TULL, EDWARD TRACEY, ANTHONY RACHAL, SEAN WHENT (hereinafter "OAKLAND DEFENDANTS"); and Defendants COUNTY OF ALAMEDA,  GREGORY J. AHERN, BRETT KETELES, CARLA KENNEDY, DAVID BRADY, GREGORY L. MORGADO, and KERRY  JACKSON, (hereinafter "COUNTY DEFENDANTS"); by and through their respective counsel, agree and stipulate as follows:

## I.  THE LITIGATION

On January 14, 2013, Plaintiffs filed a class action complaint against the City of Oakland and a number of Oakland police officers, and against the County of Alameda, its Sheriff, and senior deputies of the Sheriff's Office, asserting violations of their First, Fourth, and Fourteenth Amendment rights, and their rights under California state law, arising from a mass arrest which occurred on January 28, 2012.  Approximately 360 Class Members were engaged in a march and demonstration protesting the economic inequalities and the financial disparities between the 99% and the 1%.  Three hundred and sixty (360) Class Members were arrested on Broadway between 23rd and 24th Streets in Oakland.  Plaintiffs allege that the arrests were conducted without a dispersal order first having been given at that location or an opportunity to disperse.  Plaintiffs allege that the mass arrests were violations of Oakland's own Crowd Control Policies in addition to being violations of federal and state constitutional protections and state laws.  Defendants deny the allegations.

Following the arrests by the Oakland Police, class members were handcuffed, detained on the streets, placed in the custody of the Alameda County Sheriff's Office, and transported to Alameda County jails, where, they contend, they were held for between 12 and 80 hours

before being cited and released for failure to disperse in violation of California Penal Code § 409, a misdemeanor. Plaintiffs contend the booking and detention violated California state law providing for the citation and release of misdemeanor arrestees, as well as the First, Fourth and Fourteenth Amendments to the United States Constitution. Plaintiffs also contend that while on the street and during transport, they were painfully restrained by plastic handcuffs, and not given access to toilet facilities. They further contend that they were held in severely overcrowded and unsanitary holding cells that were cold, lacked adequate seating, had no beds or bedding, and lacked telephones. While held in jail, Class Members were unable to contact family or friends, many for up to 24 hours rather than the three hours required by Penal Code §851.5. Defendants deny these allegations.

Plaintiffs requested monetary damages, attorneys' fees and costs, an injunction to prevent defendants from continuing to violate Plaintiffs' rights, and an order requiring Defendants to seal and destroy all records derived from this arrest. (Class Action Complaint, Dkt. # 1.)

While this case was pending, the case of *Spalding v. City of Oakland*, C11-02867, resolved. The *Spalding* case was also a class action arising out of mass arrest involving the City of Oakland and the County of Alameda Sheriff. Part of the resolution of *Spalding* included injunctive relief primarily on the application of Cite/Release and Booking Procedures that will be applied in multiple simultaneous arrest situations, which addressed and resolved the injunctive relief issues raised in plaintiffs' complaint. The resolutions included amendment of the Oakland Police Department's Crowd Control and Crowd Management Policy, adopted on October 4, 2013.[1]

---

[1] **VIII. CITE/RELEASE AND BOOKING PROCEDURES**
A. Individuals arrested for minor offenses may be cited and released in compliance with Penal Code §853.6 and Department General Order M-7, CITATIONS FOR ADULT MISDEMEANORS, Part III, A-N.
B. When it is impractical to cite arrestees at or near the site of the demonstration because of a substantial risk that this procedure would allow the unlawful activity to continue or because of specific geographic factors, officers may cite and release arrestees from temporary processing stations or police facilities as near the site of the arrest as possible. While detained during the citation and release process, arrestees shall have reasonable access to toilet facilities and to appropriate medical attention.
C. No fingerprinting will be done as part of the citation and release process. Arrestees may be instructed to appear for booking prior to or after arraignment.
OPD Training Bulletin III-G, CROWD CONTROL AND CROWD MANAGEMENT POLICY (Rev. 28 Oct 05),

On May 17, 2013, the Alameda County Sheriff's Office also adopted a mass arrest policy, which resolved plaintiffs' injunctive relief requests with regard to Alameda County jails and booking policies.[2]

The Parties engaged in preliminary discovery including written discovery and depositions of all named Plaintiffs and five Sheriff's personnel. The Parties then agreed to stay discovery and litigation and engage in settlement discussions.  Between January 2014 and the present, the Parties have participated in four all day and two part day settlement conferences and a number of telephonic conferences with Magistrate Judge Laurel Beeler.  In addition, there have been numerous communications between the Parties.  As a result of these extensive settlement negotiations, and with Judge Beeler's assistance, the Parties have now agreed on a complete settlement of this Litigation, the terms of which are set forth below.

As part of the Settlement Process, the parties agreed to hold Plaintiffs' motion for class certification in abeyance.  Said motion for class certification is filed as a companion motion to Plaintiffs' motion for preliminary approval of this settlement.

## II. The Settlement Agreement and Terms of Stipulation

A. Definitions

"Effective Date" shall be when the Judgment has become Final as defined below.

"Final" means the date on which the Court has entered the Judgment, following submission of this Settlement Agreement and the Final Approval Motion to the Court.

"Preliminary Approval Motion" means a motion filed with the Court requesting that the Court consider and preliminarily approve the Settlement Agreement.

"Final Approval Motion" shall mean a motion filed with the Court requesting that the Court consider and, if it finds the settlement to be fair and reasonable, finally approve the Settlement Agreement.

---

[2] ACSO Detentions & Correction Policy 11.65 states where 25 or more individuals are arrested for citable offenses, while participating in "planned gatherings for the purpose of exercising rights protected by the First Amendment," these individuals with identification are not fingerprinted and booked. Instead, a warrant check will be conducted "within thirty (30) minutes after the arrestee has been identified" (11.65 (F)6) and when groups of ten (10) arrestees have been cleared of warrants, "each will be issued a citation and notice to appear and they and their property will be transferred to the release section of the facility and released." (11.65 (F)7).

"Final Approval Hearing" means the hearing to be held by the Court to consider and determine whether the proposed Settlement of the Litigation as contained in this Stipulation should be approved as fair, reasonable, and adequate, and whether the Judgment should be entered.

"Judgment" means the Final Judgment and Order of Dismissal with Prejudice, to be rendered by the Court.

"Approved Claim" means a claim submitted no later than the Bar Date by a Class Member other than a Representative Plaintiff which is approved by Plaintiffs' counsel.

"Bar Date" means that date specified herein by which Claim Forms submitted by Class Members must be delivered or postmarked in order to be considered for payment pursuant to the terms of the Settlement described in this Stipulation.

"Class" means the approximately 360 people who were arrested in the mass arrest on Broadway between 23rd and 24th Streets in Oakland on January 28, 2012, and who were never charged with any crime related to this arrest."[3]

"Class Members" means all persons within or encompassed by the definition of the Class.

"Class Representatives" or "Plaintiffs" means STEVEN ANGELL, MILES AVERY, MOLLY BATCHELDER, SRI LOUISE AKA LOUISE COLES, CICILY COOPER, SHAREEF ELFIKI, THEODORE HEXTOR, and LINDSAY WEBER.

"Claimants" means Class Members who actually file claims pursuant to the procedures set forth in the Court's Preliminary Approval Order. This will specifically exclude all Class Members who opt-out of the class action.

"Class Notice of Settlement Agreement" means the written notice, together with the Publication Notice, which shall include the general terms of the Settlement Agreement and the date of the Final Approval Hearing. The Class Notice of Settlement shall conform to all applicable requirements of the Federal Rules of Civil Procedure, due process, any other applicable law, and shall otherwise be in the manner and form approved by the Court.

---

[3] Three Hundred and sixty (360) is the number of arrestees confirmed through discovery and for this reason varies slightly from the number pled in the complaint.

"Claim Form" means that form which Class Members must submit in order to qualify to participate in the settlement described in this Stipulation.

"The Parties" means the parties to this settlement agreement, who are the Plaintiffs, the Class, the Oakland Defendants, and the County Defendants, defined above.

"Court" means the United States District Court for the Northern District of California.

"Class Counsel" or "Plaintiffs' Counsel" means the class counsel named in Plaintiff's pending motion for class certification, Dan Siegel and Yolanda Huang, or as the Court's Order for Class Certification designates.

"Lead Counsel for Plaintiffs" means Yolanda Huang.

"Class Settlement Fund" means the sum to be paid by the Defendants, totaling $1,360,000, not subject to reversion, which will be funded and distributed as further described in this Agreement.

B. Monetary Settlement

In consideration of the Release set forth in section II.G. of this Stipulation and the entry of Judgment on the claims of all Class Members, the Defendants CITY OF OAKLAND and COUNTY OF ALAMEDA will jointly pay the sum of $1,360,000 within fifteen (15) days of the Effective Date of this settlement. Said payment shall include all attorneys' fees and costs of administering the class settlement and shall be made payable to Yolanda Huang, Attorney Client Trust Account, to be distributed to the Class Representatives, Claimants, and Class Counsel by that office as follows:

The eight Class Representatives shall each receive $9,000, or such amount as the Court approves;

Class Counsels shall receive $350,000 for attorneys' fees and costs, including all costs associated with the administration of the Class Settlement Fund, transmittal and publication of the Class Notice of Settlement Agreement and Claim Forms, review and approval of Claim Forms, and payment of Approved Claims, or such sum as the Court approves.

Those Claimants who have submitted Approved Claims shall each receive an equal part of $1,360,000 after attorneys' fees and costs and the Class Representatives' distribution have been deducted.

In the event that any check to a Claimant who submits an approved claim is undeliverable or is uncashed 180 days after it is placed in the mail to that Claimant the funds thus unclaimed shall be turned over to Families With a Future, a project sponsored by Legal Services for Prisoners with Children, a non-profit based in San Francisco (EIN: 94-3080408).

C. Non-Monetary Settlement

1. Sealing and Destruction of Arrest Records

The Parties stipulate to the following and seek the Court's order granting such relief as of the Effective Date:

a. All arrest records, police reports, investigative reports, booking information, online data, or any other documentation or information pertaining to the arrests of the Plaintiffs and Claimants who have submitted Approved Claims in the possession of the Oakland Defendants and County Defendants shall be sealed and destroyed.

b. The Parties stipulate that the relief shall be the equivalent of a determination of factual innocence pursuant to California Penal Code § 851.8, and that the procedural requirements of that statute shall be waived, including any time deadlines and notice to the District Attorney.

c. The Court shall issue an Order in the names of all of the Plaintiffs and Claimants who have submitted Approved Claims, stating that it is the determination of the Court, pursuant to the stipulation of the Oakland Defendants (the arresting agency), that the Plaintiffs and Claimants are factually innocent of the charges for which they were arrested and that they are thereby exonerated. Thereafter, the arrest shall be deemed not to have occurred and the person may answer accordingly any question relating to its occurrence. (See Penal Code § 851.8, subd. (f).)

d. Destruction of records of arrest pursuant to the Court's order shall be accomplished by permanent obliteration of all entries or notations upon the records pertaining to the arrest, and the record shall be prepared again so that it appears that the arrest never occurred. However, where the only entries on the record pertain to the arrest and the record can be destroyed without necessarily affecting the destruction of other records, the document constituting the record shall be physically destroyed. (See Penal Code § 851.8, subd. (j).)

e. Plaintiffs arrested for felonies which were never charged will be determined to have met the requirements of Penal Code § 299, and will be eligible to have their California State DNA profile expunged and their DNA sample withdrawn.

f. Defendants will provide a copy of the Court order to the California Department of Justice, along with a list of Plaintiffs and of all Claimants who have filed timely Claim Forms, and advise said agency of the fact that the records of their January 28, 2012 arrests have been rendered obsolete on the basis of a finding of factual innocence pursuant to Penal Code § 851.8, which shall include expungement of all DNA profiles obtained and withdrawal of all DNA samples.

D. Preliminary Approval

As soon as possible, and in no event more than ten (10) days after execution of this Stipulation, the Parties shall jointly submit the Stipulation together with its Exhibits to the Court and shall jointly apply for entry of a Preliminary Approval Order substantially in the form set forth in Exhibit C, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation, and approval/ dissemination of the Class Notice of the Settlement and the proposed Claim Form.  Plaintiffs shall also concurrently file a motion for class certification, and defendants shall file a notice of non-opposition to said motion, including Plaintiffs' request that the Class Notice and right to be excluded from the class be sent in combination with the notice of settlement.

Within forty (40) days after the Court has issued its order giving preliminary approval of the terms and conditions of this settlement, Defendant Alameda County shall formalize its approval of this settlement through a public Board Resolution and Defendant City of Oakland shall formalize tis approval of this settlement through a City Council Resolution.

Within ten (10) days after receipt of a copy of Defendant Alameda County's formal approval of this settlement through a public Board Resolution, counsel for plaintiffs shall submit to the Court a stipulation and proposed order dismissing, with prejudice, Defendants GREGORY J. AHERN, BRETT KETELES, CARLA KENNEDY, DAVID BRADY, GREGORY L. MORGADO, and KERRY JACKSON.  Within ten (10) days after receipt of a copy of Defendant City of Oakland's City Council Resolution approving this settlement,

counsel for Plaintiffs shall submit to the Court a stipulation and proposed order dismissing, with prejudice, Defendants HOWARD JORDAN, JEFFREY ISRAEL, ERIC BRESHEARS, RON YELDER, DARREN ALLISON, STEVE TULL, EDWARD TRACEY, ANTHONY RACHAL, and SEAN WHENT.

In exchange for said dismissal, said individual Defendants hereby waive all rights to recover costs or fees in connection with this lawsuit, as well as any tort claims they may have against Plaintiffs or their counsel arising out of the prosecution of this action, and agree to the Waiver and Covenant Not to Sue contained herein in paragraph H.

E. Class Notice of the Settlement and Claim Form

No later than 10 days after this Court's Preliminary Approval of this Settlement, Plaintiffs shall disseminate the Notice of Settlement Agreement by mailing the Notice to each class member's last known mailing address, posting the Notice on the Class Action website, and disseminating information regarding the Settlement Agreement on social media. The Class Members shall have 60 days to opt out or file a Claim Form, or to object to the Settlement Agreement following the procedure set forth in the Notice. For all class members who fail to respond within 45 days of the mailing of the Notice, Plaintiffs shall make every effort to contact said class members through direct contact (phone, email, Facebook, Twitter).

F. Final Approval

A Final Approval Hearing shall be set no less than 45 days after the Court issues its Preliminary Approval Order. The parties jointly request that, at the Final Approval Hearing, the Court approve the settlement of the Litigation and enter Judgment in a form substantially similar to that attached hereto as Exhibit D.

G. Releases and Bar Order

1. Upon the Effective Date, as defined above, the Plaintiffs and Claimants shall be deemed to have, and shall have, fully, finally, and forever waived, released, relinquished, discharged, and dismissed all claims against the Defendants, their agents, and their employees arising from the events alleged in Plaintiffs' Complaint.

2. Upon the Effective Date, the Plaintiffs and Class Members, except those who opt out of the Settlement, shall be forever barred and enjoined from commencing, instituting,

prosecuting or continuing to prosecute any action or other proceeding in any court of law or equity, arbitration tribunal, or administrative forum, asserting any claims against the Defendants, their agents, and their employees arising from the events alleged in Plaintiffs' Complaint.

3. Upon the Effective Date, each of the Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiffs and Plaintiffs' Counsel from all claims (including Unknown Claims) arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement, or resolution of the Litigation or the determination regarding approval or disapproval of any claim submitted.

H. Waiver and Covenant Not to Sue

Upon the Effective Date, each of the Defendants shall be deemed to have, and shall have, fully, finally, and forever waived, released, and relinquished any claim for malicious prosecution in connection with the Litigation. Each such Defendant covenants that he or she will not institute any claim, lawsuit, arbitration, or proceeding of any nature against Plaintiffs, any Class Member, or Plaintiffs' Counsel for any act or omission in connection with this Litigation.

I. Conditions of Settlement, Effect of Disapproval

This Settlement is subject to the following conditions:

1. This Settlement is subject to the approval of the Court as provided in Federal Rules of Civil Procedure Rule 23(e).

2. If the Stipulation is not approved by the Court, or otherwise fails to become effective in accordance with its terms and provisions, the terms and provisions of this Stipulation, with the exception of this section, shall have no further force and effect with respect to the Parties and neither this Stipulation nor any submission by any party in connection with the Motion(s) for Preliminary or Final Approval or Appeal therefrom, or any related motions or proceedings, may be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of

this Stipulation shall be treated as vacated, nunc pro tunc.

J. Miscellaneous Provisions

1. The Parties (a) acknowledge that it is their intent to consummate the Settlement set forth in this Stipulation, and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish and effectuate the terms and conditions of the Stipulation.

2. The Parties intend this settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The settlement comprises claims, which are contested, and shall not be deemed an admission by any Party as to the merits of any claim or defense. The Parties agree that the terms of the settlement were negotiated in good faith by the Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel and with the assistance of Judge Beeler.

3. All of the exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

4. The Stipulation and the exhibits attached hereto constitute the entire agreement among the parties hereto and no representations, warranties, or inducements have been made to any party concerning the Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

5. This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Parties. Lead Counsel for Plaintiffs, on behalf of the Class, is expressly authorized by the Plaintiffs to take all appropriate action required or permitted to be taken by the Class pursuant to the Stipulation to effectuate its terms, and also is expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the Class which she deems appropriate.

6. Each attorney or other person executing the Stipulation or any of its exhibits on behalf of any Party hereto hereby warrants that such person has the full authority to do so.

7. The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto.

8. This Settlement Agreement was drafted with substantial review and input by all

Parties and their counsel, and no reliance was placed on any representations other than those contained herein. The Parties agree that this Settlement Agreement shall be construed by its own terms, and not by referring to, or considering, the terms of any other settlement, and not by any presumption against the drafter.

NOW, THEREFORE, the foregoing terms are hereby STIPULATED AND AGREED, by and among the Parties, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

DATED: December 3, 2014

BOORNAZIAN, JENSEN & GARTHE
A Professional Corporation

By: _____
GREGORY J. ROCKWELL, ESQ.
Attorneys for Defendants
COUNTY OF ALAMEDA, GREGORY J. AHERN, BRETT KETELES, CARLA KENNEDY, DAVID BRADY, GREGORY L. MORGADO, and KERRY JACKSON

DATED: December 3, 2014

LOZANO SMITH

By: _____
WILLIAM E. SIMMONS
Attorneys for Defendants
CITY OF OAKLAND, HOWARD JORDAN, JEFFREY ISRAEL, ERIC BRESHEARS, RON YELDER, DARREN ALLISON, STEVE TULL, EDWARD TRACEY, ANTHONY RACHAL, SEAN WHENT

Page 12 of 13

Angell, et al. v. City of Oakland, et al.
Settlement Agreement

1 | DATED: Dec. 3, 2014         YOLANDA HUANG, ESQ.

By: /s/  Yolanda Huang
 YOLANDA HUANG, ESQ.
Attorneys for Plaintiffs

STEVEN ANGELL, MILES AVERY, MOLLY BATCHELDER, SRI LOUISE also known as Louise Coles,  CICILY COOPER, SHAREEF ELFIKI, THEODORE HEXTOR, LINDSAY WEBER